Ruth P. MACK and Lucy P. Elias, Executrices of the Estate of Clara B. Prince, deceased, Plaintiffs

and

Samuel F. Slaff, et al., Plaintiffs-Intervenors,

v.

PASSAIC NATIONAL BANK & TRUST COMPANY, Defendant.

Civ. A. No. 2241.

United States District Court
D. New Jersey.
April 11, 1957.

See, also, D.C., 134 F.Supp. 281.

Osborne, Cornish & Scheck, by Harry V. Osborne, Jr., Newark, N. J., for petitioners for intervention.

Kessler & Kessler, by Samuel I. Kessler, Newark, N. J., for plaintiff-intervenor H. Jerome Sisselman.

Kaufman, Kaufman & Kaufman, by Samuel Kaufman, Newark, N. J., for plaintiff-intervenor Adam Frank, etc.

Furst, Furst & Feldman, by George Furst, Newark, N. J., for plaintiff-intervenor Kay Holding Co., Inc.

Samuel F. Slaff, Passaic, N. J., pro se.

Isadore Glauberman, Jersey City, N. J., for Walter G. Winne, sole surviving substituted trustee.

Carey, Pforr, Knoeppel & Ziff, by Robert Carey and Herbert Ziff, Jersey City, N. J., for East Ridgelawn Cemetery.

Grover C. Richman, Jr., Atty. Gen., of New Jersey, by Samuel B. Helfand, Deputy Atty. Gen.

WORTENDYKE, District Judge.

The origin and a portion of the history of this diversity litigation will be disclosed in Mack v. Passaic National Bank & Trust Company, D.C.N.J.1955, 134 F.Supp. 281. As will therein appear the original plaintiffs were the holders of certain certificates of shares in lands devoted to cemetery purposes issued by the original defendant, Passaic Trust & Safe Deposit Company (succeeded by the defendant, Passaic National Bank & Trust Company), as trustee under certain written Declarations of Trust dated December 21, 1906. The complaint prayed for an accounting by the trustee and its removal and for the appointment of a substituted trustee for the benefit of the holders of the certificates of shares. The defendant trustee accounted and was, by order of this Court made on May 29, 1944, permitted to resign, and Walter G. Winne and two other individuals were appointed trustees in the place and stead of the said defendant. Walter G. Winne is the sole survivor of the substituted trustees. The order appointing them provided that they be vested with all of the powers, privileges and duties of the original trustee under the Declarations of Trust referred to in the complaint "to the extent necessary for the collection and preservation of any and all assets and income due to the Trustees or share-holders under such Agreements, and with full power and authority to liquidate the assets of the trust estate." The temporary appointments effected by the order of May 29, 1944, were made permanent by a further order of this Court dated November 27, 1944.

On July 7, 1953, pursuant to the mandate of the Supreme Court of New Jersey issued upon its decision in East Ridgelawn Cemetery v. Winne, 1953, 11 N.J. 459, 94 A.2d 833, judgment was entered in the Superior Court of New Jersey in favor of Walter G. Winne, Sole Surviving Substituted Trustee, against East Ridgelawn Cemetery (a New Jersey corporation) in an amount, including interest, of $244,600.51.

By its order of October 4, 1954, this Court authorized the surviving trustee and the cemetery to enter into an agreement providing for the conveyance by the cemetery to the trustee, in satisfaction of the trustee's judgment against the cemetery, of 34.389 acres of unimproved land owned by the cemetery; subject to the approval of the agreement by the Superior Court of New Jersey. The latter approval was secured by the Superior Court's order of December 17, 1954, which directed that the agreement be performed and that the land therein described be conveyed by the cemetery to the trustee "free and clear of any payment to the perpetual care fund and of the claims of owners of lots and plots, holders of certificates of indebtedness and other general creditors of their right, if any, to participate in the proceeds of the resale of said lands." In the proceedings which resulted in the last mentioned order of the Superior Court of New Jersey, which were had on notice to all parties to the litigation and members of the classes represented thereby, the cemetery sought the inclusion in the order of the Court of a directive that in the event of resale of the

lands by the trustee after their conveyance to him by the cemetery, any excess of the proceeds of such resale over the amount due upon the judgment, in satisfaction of which the conveyance was to be made, should be returned to the cemetery for the benefit of the owners of burial plots therein and the perpetual care fund established pursuant to the original Declaration of Trust with respect to said cemetery lands. This request of the cemetery was rejected by the Superior Court of New Jersey, which refused to impose any obligation upon the trustee respecting the proceeds of his resale of the lands conveyed to him by the cemetery.

After the cemetery had conveyed the land to the trustee, and when the amount due upon the trustee's judgment against the cemetery through interest accrual had increased to a figure approximating $290,000, the trustee resold the land for the sum of $451,000 and this sale was confirmed by order of this Court on September 24, 1956.

Three of the present petitioners who seek to intervene in this litigation are owners of burial plots in the cemetery, two others are creditors of the Cemetery Association under certificates of indebtedness issued thereby, and the remaining two petitioners are both plot owners and holders of certificates of indebtedness. In seeking leave to intervene in this litigation at this time, these petitioners ask this Court to direct the Sole Surviving Substituted Trustee to distribute to his cestuis que trustent shareholders, out of the proceeds of the sale of the lands, only the amount properly due said shareholders under the judgment recovered by the trustee, together with expenses and counsel fees to be allowed by the Court, and to pay the balance of the proceeds of the sale of said lands to East Ridgelawn Cemetery for incorporation into its perpetual care fund, the payment of its debts and liabilities, and its improvement, preservation and embellishment. Alternatively to the denial of such relief, petitioners request this Court to restrain the trustee from making any distribution of the said proceeds of sale (except for payment of expenses and counsel fees as allowed by this Court), pending petitioners' application to the Superior Court of New Jersey for relief in the premises. Additionally, the petitioners ask that the Sole Surviving Trustee be relieved of his duties as trustee for the perpetual care fund of the cemetery and be directed to account and transfer that fund to the Trustees of the Cemetery Association.

■ While the Sole Surviving Trustee, as successor to the original trustee under the Declaration of Trust of December 21, 1906, holds the perpetual care fund of the Cemetery in trust for the benefit of the owners of burial lots therein, there is no showing or contention that the perpetual care fund has not been administered or does not remain fully intact in accordance with the requirements of the original Declaration of Trust, nor is there any evidence or intimation that there has been a breach of the trust of this fund. I find and conclude that there is no relationship whatsoever between the perpetual care fund of East Ridgelawn Cemetery and the proceeds of the sale by the trustee of the lands conveyed to him by the cemetery in satisfaction of his judgment against it. Neither do I find any inconsistency or impropriety in Mr. Winne's continuing to serve as trustee of the perpetual care fund and as trustee for the parties in interest in the judgment recovered against the cemetery.

■ The Superior Court of New Jersey, by its order of December 17, 1954, adjudicated that only the Sole Surviving Substituted Trustee (and through him the shareholders who were his cestuis que trustent) had any interest in the judgment recovered by the trustee against the cemetery, in the lands which were thereby authorized to be conveyed by the cemetery to the trustee, and in the proceeds of any sale which the trustee might make of said lands for the purpose of liquidating the same. All of the actual as well as the potential parties in interest in the cemetery, in its

perpetual care fund, in the lands conveyed by the cemetery to the Sole Surviving Trustee, and in the certificates issued by the original trustee under the Declarations of Trust of December 21, 1906, were actually or constructively before the Superior Court of New Jersey in the proceedings therein which resulted in its order of December 17, 1954. The Sole Surviving Trustee, as an appointee of this Court, was, by order of this Court, directed and authorized to participate in those proceedings. This Court is bound by the adjudication of the New Jersey Court.

 This Court has jurisdiction over the Sole Surviving Substituted Trustee and over the proceeds of the sale by him of the lands which he received by conveyance from the cemetery in satisfaction of the judgment against it. These funds stand in substitution for the lands so conveyed. The only persons interested therein are the cestuis que trustent of the trustee, to wit, the shareholders. By its conveyance of the land to the trustee in satisfaction of the judgment against it, the Cemetery Association, as well as the holders of burial plots therein, the beneficiaries of its perpetual care fund, its creditors and the holders of certificates of indebtedness issued by the cemetery, became divested of all right, title and interest in the land conveyed and in any proceeds thereof in the event it should be sold by the grantee. The proceeds of such sale by the trustee stand at least as completely discharged of any right, title and interest of the present petitioners as was the land when title thereto vested in the trustee.

Having jurisdiction of the trustee and the proceeds of the sale of the lands in his hands, I recognize the duty of this Court to decide the present application and discern no ground for relegating the petitioners to the Superior Court of New Jersey for relief.

The application to intervene is denied, as is the application to require the trustee to account and for his removal. I refuse to stay the trustee in the performance of his further duties with respect to his trust. Any direction to the trustee respecting the distribution of the proceeds of land sale now in his hands will be deferred pending an appropriate application by the trustee upon due notice.

An order may be presented in conformity with the views hereinabove expressed.